# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY S. OSTWALD,
                    Appellant,

             v.

DEPARTMENT OF VETERANS
      AFFAIRS,
                    Agency.

DOCKET NUMBER
DE-4324-14-0615-I-1

DATE: June 8, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Jeffrey S. Ostwald, Omaha, Nebraska, pro se.

Paul L. Pullum, Esquire, Omaha, Nebraska, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal for failure to prosecute.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

decision, and REMAND the case to the field office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant is a 10-point preference-eligible veteran with a 30% or more service-connected disability. Initial Appeal File (IAF), Tab 5 at 19. On August 25, 2013, the agency appointed him to the excepted service position of GS-06 Medical Support Assistant. *Id*. On August 14, 2014, less than 1 year into his appointment, the agency terminated the appellant for "habitual tardiness and not satisfactorily meeting the minimum requirements for the position." *Id*. at 11-13.

¶3      On August 21, 2014, the appellant filed a USERRA complaint with the Department of Labor (DOL). IAF, Tab 1 at 4, 10. On September 13, 2014, he filed a USERRA appeal with the Board and requested a hearing, disputing the stated reasons for his termination, and arguing that his service obligations with the Army National Guard were the real reason for his termination. *Id*. at 2, 5.

¶4      On September 16, 2014, the administrative judge issued an order informing the appellant of how to establish jurisdiction over his appeal, and directing him to file evidence and argument on the issue within 12 days of the date of the order. IAF, Tab 3. The appellant did not respond. On October 23, 2014, the administrative judge issued a show cause order, directing the appellant to file evidence and argument on the jurisdictional issue within 7 days, and informing the appellant that the appeal might be dismissed for failure to prosecute if he did not respond. IAF, Tab 6. The appellant did not respond to the order. On December 2, 2014, the administrative judge issued a "Final Order to Show Cause," informing the appellant that he proposed to dismiss the appeal for failure to prosecute, and warning the appellant that the appeal would be dismissed with prejudice unless the appellant contacted him no later than December 9, 2014. IAF, Tab 7. Again, the appellant did not respond. On December 31, 2014, the

administrative judge issued an initial decision dismissing the appeal for failure to prosecute.  IAF, Tab 8, Initial Decision (ID) at 1-2.  The initial decision notified the appellant of how to file a petition for review with the Board and notified him that the filing deadline was February 4, 2015.  ID at 3-4.

¶5        On March 6, 2015, the appellant filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He explained that his petition was untimely because he was on military orders, attempting to obtain attorney representation, and working with DOL to resolve his case.  *Id*. at 3-4.  He explained that DOL had since completed its investigation, determined that he had been discriminated against based on his uniformed service, and concluded that he should be reinstated.  *Id*. at 4.  He attached a copy of DOL's letter to his petition.  *Id*. at 5-7.  The agency has filed a response to the petition for review, opposing it on both timeliness and substantive grounds.  PFR File, Tab 3.

¶6        To determine whether an appellant has shown good cause for an untimely filing, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  We have considered the timeliness arguments that this pro se appellant submitted along with his petition for review, and we find good cause to waive the filing deadline.  PFR File, Tab 1 at 3-4.

¶7        Regarding the initial decision, we find that the administrative judge did not abuse his discretion by dismissing the appeal for failure to prosecute.  *See Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 10 (2011).  Nevertheless, the record on review contains new and material evidence showing that the appellant has now exhausted his USERRA claim before DOL and that his Board appeal is

now ripe for adjudication.[2]  PFR File, Tab 1 at 5-7, Tab 3 at 19; *see* 38 U.S.C. § 4324(b) (if an individual files a USERRA complaint with DOL, he must exhaust those proceedings before filing his Board appeal); *see also Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 8 (2012) (if an appellant first seeks corrective action from DOL, then the Board lacks jurisdiction over his USERRA appeal until he receives notification that DOL was unable to resolve the complaint); *Muse v. U.S. Postal Service*, 82 M.S.P.R. 164, ¶ 13 (1999).  If the administrative judge had the benefit of this information below, he would have dismissed the appeal for lack of jurisdiction without prejudice to refiling, pending the outcome of the DOL exhaustion process.  *See Goldberg v. Department of Homeland Security*, 104 M.S.P.R. 215, ¶¶ 13-14 (2006) (finding adjudication of a USERRA claim was premature in the absence of notification from DOL that it was unable to resolve the appellant's complaint).  The appellant alleged below that he has an obligation to perform duty in a uniformed service of the United States and that the agency denied him employment due to this obligation.  IAF, Tab 1 at 5.  This, in conjunction with the new evidence showing that he completed the DOL exhaustion process, is sufficient to establish Board jurisdiction over the appeal.  *See Lubert v. U.S. Postal Service*, 110 M.S.P.R. 430, ¶ 11 (2009).

---

[2] DOL issued its closeout letter on December 22, 2014, PFR File, Tab 3 at 19, and the appellant presumably did not receive it until 5 business days later, which was December 31, 2014—the same day that the administrative judge issued his initial decision, *see* 5 C.F.R. § 1201.4(*l*) (absent evidence to the contrary, documents filed by mail are presumed to have been mailed 5 days earlier).  We disagree with the agency that the closeout letter indicates that DOL reversed its "initial conclusion" after receiving the agency's response to the "preliminary" letter.  PFR File, Tab 3 at 6.  There is nothing about the November 18, 2014 letter to indicate that it was "initial" or "preliminary."  PFR File, Tab 1 at 5-7.  Nor is there anything about the December 22, 2014 letter to indicate that DOL reversed itself.  PFR File, Tab 3 at 19.  Unlike the Office of Special Counsel, which can file a petition for corrective action with the Board, DOL must rely on the agency's cooperation to correct USERRA violations.  *See* 20 C.F.R. § 1002.290 (reflecting that DOL lacks authority to order agency compliance with USERRA).  Because the agency in this case declined to cooperate, there was little that DOL could do but close its file.

**ORDER**

For the reasons discussed above, we REMAND this case to the field office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.